Good morning to this distinguished court, Judges Wardlaw, Bybee, and Garber. I will try to be as quick and brief as possible so that I can hopefully reserve a few minutes for any questions you may have or any rebuttal. If ever there was a case like Moses walking for 40 days or 40 nights, this is it. Although I'm not Moses, I have worked and toiled at least 40 days and nights to prepare my opening brief. Forty pages to be exact. Although I'm not as old as Moses, I share his graying hair and have aged considerably over this whole ordeal. Thus, it would be more accurate to say that I have spent more than 400 days and nights dealing with this matter, both in the lower courts and in this high court. Also, if there was ever a case like Dave and Goliath, this is it. I have the sling in my briefs. Not these briefs, this brief. I contend that my authorities support my position. I only ask that this court provide the stone and cast it into the proper cavity or heel of the defendant and render the judgment in my favor. In summary, this entire case has evolved from the underlying facts concerning my tax refund claims and the government's whipsaw counterclaims to a case of a procedural dismissal under Rule 41B for alleged failure to prosecute. The original underlying facts and merits have not been fully addressed by the lower courts, except for the total abandonment of the tax refund claims by the former Chapter 7 trustee, as ordered by the Bankruptcy Court in Santa Rosa. Despite what the government has argued in its brief and what may argue today before this court, the United States Treasury Department Internal Revenue Service sent me several post-bankruptcy notices or letters in October 1995, stating that I could sue the government for tax refund claims. Mr. Demore, can I just... Within two years. Mr. Demore, I want to ask you a question. The government saying that you don't have standing... I'm addressing that. No, I know that. I know. I'm just... Try to answer my question, okay? If you don't have standing because you sued the wrong party or were the wrong party to bring this lawsuit at that time, and we were to dismiss for lack of jurisdiction but without prejudice, couldn't you just refile all these claims as the correct party now and pursue them? No, because of the statute of limitations, and that's why the bankruptcy judge granted my... which I was going to address, my motions to abandon because the trustee did not wish to proceed. Now, why are you so sure about the statute of limitations barring your claims? Because you only have three years to file refund claims, I believe, from the date that you... to file a refund claim from the date you file a return, and those claims were filed way back in the 1990s that we're dealing with now. It's taken many years to get to this point. I'd like to address that further, and then maybe that will answer your questions. All right. Anyway, despite what the government has argued or may argue today before the court, the United States Health Department sent me several post-bankruptcy notices or letters in October 1995 saying that I could sue the government for the tax refund claims within two years, which I did so in March, excuse me, and did so in October 1997. Since the district court also has original and concurrent bankruptcy jurisdiction under 28 U.S.C. Section 1334, I requested Chief Judge Marilyn Hall Patel to initially sit as a bankruptcy court. But she instead wanted the regular bankruptcy judge in Santa Rosa to handle any bankruptcy matters before any trial. The parties then stipulated to transfer the case to the bankruptcy court in Santa Rosa. Judge Patel stayed the proceedings pending transfer of the case to the lower bankruptcy court. I immediately filed a motion to compel the former Chapter 7 trustee to either administer or abandon the tax refund claims. When he declined to administer them, after notice to all my former creditors, the bankruptcy court ordered their abandonment to me under 11 U.S.C. 554B and Bankruptcy Rule 6070. The bankruptcy court also reconsidered and denied the government's motion to dismiss and ordered that I was the proper party plaintiff to prosecute the tax refund claims as under Federal Rules of Civil Procedure Rule 17 and related case law. The total abandonment of my tax refund claims cured any claim or crying about my legal standing to sue the government. I was the original party in interest who paid the taxes concerning the refund claims. The abandonment also belies and disproves any contention that the tax refund claims would have any impact or effect on my former bankruptcy estate or bankruptcy case. There was no estate remaining to be administered. Following the abandonment proceedings, the parties both filed summary judgment motions which the bankruptcy judge denied. Both the parties in the courts believed at that time that the bankruptcy court still had subject matter jurisdiction over the tax refund claims despite their total abandonment by the trustee and the estate. The bankruptcy court set a trial date of October 18, 2000. I now or only later realized that the bankruptcy court possibly lacked subject matter jurisdiction to adjudicate the various tax refund claims but could still adjudicate the government or IRS tax claims as a core proceeding under 11 U.S.C. 505A1 and Bankruptcy Rule 9013 and 9014, which required a separate motion to later be made which was later made and is covered in my detail in my opening brief at pages 24 through 34. I hired a lawyer. I then hired a lawyer, one Steven G. Hansen, before the October 18 trial date to prosecute the case on my behalf. Ultimately, his assistance led to the Rule 41B dismissal for the alleged failure to prosecute. Although Mr. Hansen is certainly no Clarence Darrow, he at least motioned the bankruptcy court to transfer the refund claims back to the district court and timely objected to the possible lack of subject matter jurisdiction by the bankruptcy court over the abandoned tax refund claims and also objected to the bankruptcy court's denial of my statutory right to a jury trial over the refund claims. Even if that court still had lawful subject matter jurisdiction, the denial of my jury trial right would be a lack or an excess of jurisdiction, and any dismissal for failure to prosecute would be premature and improper, as pointed out in detail in my briefs to this court, opening brief pages 34 through 39. When I agreed to the after said stipulations to transfer the case to the bankruptcy court, I did not agree to waive any jury trial right. In fact, the parties discussed returning the case back to the district court with Judge Patel as shown in that court transcript which is filed with this court. So even if Judge Patel was aware of and was open to a future transfer of the tax refund claims back to her court. In conclusion, I only ask this High Court to reverse the lower courts and either grant judgment in my favor or remand the entire case to the lower courts for further proceedings. I have no further points. If you have any more questions, I'd like to save one minute for rebuttal. You may. You have almost two, as it turns out, and you may save that for rebuttal. Do you have any questions, Your Honor? Not at the present time, we don't. Thank you. And we'll now hear from the government. May it please the Court, Randolph Hutter. I'd like to just follow up on the question I was asking counsel, Mr. Dunmore, because it came out of your brief. Yes. The red brief. Yes. That said that the proper resolution of the standing issue would have been for all the prior decisions to be vacated and remanded with instructions to dismiss without prejudice. Yes, Your Honor. Is it your view that if we did follow that procedure, his suit in his own name would be barred by the statute of limitations, or do you believe there's some basis for equitable tolling here or some other, given that he'd been pursuing these claims all along? I believe there probably would be a big problem with the statute of limitations, but I have to do something. I have to acknowledge a mistake at this point and say that we drafted the first argument of our brief under a misapprehension. I beg the Court's pardon. I was under the impression, and I apologize to Mr. Dunmore, that the claims for refund had been filed after the bankruptcy proceeding. As he points out in his reply brief, the claims for refund were filed before the bankruptcy proceeding, and he received notice before the bankruptcy proceeding that they were denied. Therefore, when we argue that the trustee didn't file claims for refund, well, when the trustee came into possession, as it were, of Mr. Dunmore's property, he came into possession of the claim of right, the cause of action for the refund. And so when the trustee filed the abandonment, would the right revive then in Mr. Dunmore? Well. It was March 1999, correct, when the trustee finally abandoned the claim, these claims? Yes. Then the right to the cause of action should have accrued back to Mr. Dunmore. Okay. Yes. That's correct. Has there been any thought given in view of the government's realization of its mistake in this regard? Has there been any thought given to working with our mediation section or otherwise attempting to settle this matter? Well, the rest of our argument stands completely firm, and there's no mistake. There clearly was a failure to prosecute, and nothing else is wrong in the bankruptcy court's or the district court's opinion. There was a failure to prosecute. There was procedures that Mr. Dunmore missed along the way, and he didn't have a right to a jury trial. And the bankruptcy court, ignoring that first argument, did indeed have jurisdiction over the issues because, as it says in its opinion, it was a court proceeding. There's Section 505A of the bankruptcy court, which gives its jurisdiction over tax refund matters. And it had jurisdiction. He didn't show up for trial prepared to proceed, and he did not have a right to a jury trial. Everything else is completely correct. So your answer is no? Yes, Your Honor. Okay. Counsel, I want to make sure that I'm clear. Because of your misapprehension over the question of when the claim for refund was filed, you no longer contend that Mr. Dunmore did not have standing? Is that correct? Yes, Your Honor. I hope the court will understand my delicate position because I am a lowly government trial attorney, line attorney. I came to this realization late, and the powers that be would really have to come into play to say, yes, you can formally concede this issue or abandon it or whatever. I can't do that on my own authority. I will understand if you rule against us and say we don't have the merits on this issue. However, in doing my research, I also came across another point that troubles me. In ruling on Rule 17 matters that a real party interest may be substituted for the plaintiff who has brought suit. There is at least one case, and there may be more, that says that such a substitution may be allowed when the plaintiff establishes that he brought the action in his own name as the result of an honest and understandable mistake. Now, Mr. Dunmore may well have done that, but there were no findings by the bankruptcy court that that occurred. I just came across this point. And before, of course, anybody wishes to, a party wishes to stand up here and say, yes, I fully concede an issue, I need to point out what I think is the full brunt of the issue, and that's another factor that needs to be considered. So if that were true, then what we should do is reverse, right, and remand? Remand because the bankruptcy court didn't make findings of fact on that. Yes. I would hope, though, that the court could perhaps simply say that in any event, the rest of the rulings were completely correct, and that would not be necessary. I don't know. His failure to prosecute I think is well documented on the record, and the discretion of the bankruptcy court was not abused in ruling that he failed to prosecute. Well, I can certainly understand now better why Mr. Dunmore is completely frustrated standing up here in front of us. Let me ask you something else. Complicated case. And without a concession on behalf of the United States. All right. I understand now we are kind of in this fog of procedural and technical issues that we're going to sort out, based on what you've said here today. But on the merits of his tax refund claim, has there ever been any litigation? Have you ever tried to look through, pierce through all of these mistakes and things that have gone on and tried to see if there's any merit to his claims and resolve that? The trustee pretty much summed that up in the bankruptcy court where he said the claims are frivolous. We believe they have no merit whatsoever at all, completely nil. They assert some contentions that have been rejected over and over and over in other cases, and we're not going to get anywhere on that at all. I can appreciate Your Honor's position that if there has been procedural difficulty and misunderstandings along the way, can't we try to find a middle ground? But, frankly, until I stepped my innocent toe into this case, I don't think the government made any procedural mistakes, misunderstandings or anything. We were waiting, for instance, for things from Mr. Dunmore's attorney. They didn't come. Calls weren't returned. Exhibits were not turned over. There was supposed to be a joint findings of fact and conclusions of law presented before the bankruptcy court trial date. That didn't occur. There's been lack of cooperation. There's been, I will grant Mr. Dunmore, a lot of effort on his part, but there has also been mass confusion and lack of cooperation. And as you'll see from the record, too, the issues have changed with practically every filing that's made. It wasn't until a summary judgment motion was made very late in the case that Mr. Dunmore raised the issue of dischargeability of several more tax years. The government has been hindered and delayed itself in preparing for this trial and in coming to a resolution. And so the bankruptcy court's decision to dismiss for failure to prosecute was entirely correct. And I can understand if we'll all think about this for a little while. But if you have no other questions, I stand by 95 percent of our brief. Thank you, counsel. Thank you. Mr. Dunmore, you have about a minute and a half remaining. Thank you, Mr. Hutter. I stand by 100 percent of mine. Or 101 percent. Despite Mr. Hutter's view or spin on this, he is no more aware of all the underlying details like I am, or the trustee is, out of all the people, is the least aware. The trustee has no personal knowledge. He's never read the entire record, nor has he read the declarations. I have three declarations by certified public accountants that have over 35 years of combined experience who support my refund claims. So the trustee is in no position, nor is Mr. Hutter, to say that they're frivolous. They're not frivolous. There's a difference of perhaps opinion, but they're not frivolous. Also, I was winning this case before I brought this lawyer on. The government was willing to settle this case. But I didn't want to settle it because that means I would have to give up all my refund money, which I believe was legitimately due to me, for the government to say that they'll drop their counterclaims of millions of dollars. To me, that told me that their claims were frivolous, that they had really no basis. In fact, there were whipsaw claims against me to try to force me to compromise. I told Mr. Moore, the then-assistant U.S. attorney, that I was going to get a lawyer, and that's what I did. But unfortunately, this lawyer didn't perform up to the caliber that I would have liked to, that he represented himself to be. But he still timely objected on the record and requested the transfer of these claims back to the district court so Judge Patel could handle them. If you read the transcript from Judge Patel's court I provided and ask you to take judicial notice of, it clearly states in there where Judge Patel contemplated that these refund claims could come back to her court after the abandonment was ordered, if the abandonment was ordered. So I request that you please read this brief again, my opening brief, page 34, where I specifically address the alleged failure to prosecute, because that clearly will show that there is case law from the U.S. Supreme Court that shows that there is no failure to prosecute when timely objections are made before trial. Thank you, Your Honor. Thank you very much for your arguments. The case just argued is submitted. And I want to thank you, Mr. Dunmore, for being willing to come in with all the judges and lawyers on your own. We've appreciated your comments, and I appreciate counsel for the government being so forthright in your comments as well. Thank you, Your Honor. And that will conclude our proceeding on this case, and it is now submitted.
judges: Graber, Wardlaw, Bybee